UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TED MARCUM,                      Civil Action No. 1:15-cv-239

    Plaintiff,                       Barrett, J.
                                       Bowman, M.J

    vs.

SHERIFF RICHARD JONES, *et al.*,

    Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Noble Correctional Institution, proceeding *pro se* and *in forma pauperis*, has filed a civil complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff alleges that Defendants Sheriff Richard Jones, Captain Dennis Adams, and Lt. Scott Brown violated his constitutional rights while he was incarcerated at the Butler County Jail. Plaintiff also seeks declaratory judgments for breach of contract, based on a prior settlement agreement and for Defendants' purposeful deception of Plaintiff. *Id.* at ¶¶ 17, 18, 30. Additionally, Plaintiff claims he has been denied access to the courts. *Id.* at ¶ 21.

This matter is before the Court on Defendants' motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted, and the parties' responsive memoranda. (Docs. 14, 15, 17, 18).[1]

---

[1] On August 24, 2015, Plaintiff filed a Motion for Leave to File Instanter a supplemental pleading to Plaintiff's opposition. This Court granted that motion allowing Marcum's supplemental memorandum to be filed and requiring Defendants to file a response within seven days (September 1, 2015). Thereafter, Plaintiff filed his "Response to Defendant's 'Reply' Motion to Dismiss." (Doc.18). Defendants have moved to strike Plaintiff's reply pursuant to S.D. Ohio Civ. R. 7.2(a)2) which provides that "no additional memoranda beyond those enumerated are permitted except upon leave of court for good cause shown." (Doc. 19). Defendants' motion (Doc. 19) is well-taken and herein **GRANTED.**

### I. Background and Facts

Plaintiff's concerns stem from a lawsuit that he filed in 2006 regarding, among other allegations, his ability to access legal and religious materials while incarcerated. *Id.* at ¶ 1. Among Plaintiff's claims in the 2006 lawsuit was the claim that Defendants violated Plaintiff's constitutional rights by enforcing a policy prohibiting inmates from receiving publications through the mail. Defendants were ultimately granted summary judgment on all counts. *Id.* at ¶¶ 4, 6; *see also Marcum v. Jones*, Case No. 1:06-cv-822, Doc. 85; id. at Doc. 103.) Plaintiff appealed the district court's decision. (Doc. 3, ¶ 7.) As a resolution to that matter, Plaintiff alleges that the Sheriff's Office paid him $500 and agreed that inmates could receive legal and religious materials through the United States mail. *Id.* at ¶ 9.

Subsequently, in February 2015, Plaintiff filed a grievance with the Butler County Sheriff's Office when he discovered that he was unable, per the Butler County Jail's "Use of Inmates' Funds Policy," to use his commissary funds to purchase legal or religious materials. *Id.* at ¶ 11. Plaintiff alleges that "inmate funds may be 'withdrawn' only for certain specific purposes," none of which include the purchase of any outside publications. *Id.* at ¶ 36. When that grievance was denied, Plaintiff appealed the decision by filing another grievance, which was similarly denied. *Id.* at ¶ 12. Plaintiff now claims those denials violated his constitutional rights under the First, Fifth, and Fourteenth Amendments and amount to breach of contract.  Defendants now seek to dismiss Plaintiff's complaint for failure to state a claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I.     **Analysis**

A.     **Standard of Review**

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the claims. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974) and *Lewis v. ACB Business Services,* 135 F.3d 389, 405 (6th Cir. 1998). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University,* 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB,* 135 F.3d at 405 (internal citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

B.     **Breach of contract**

As detailed above, as a resolution to a prior lawsuit, Plaintiff alleges that the

Sheriff's Office paid him $500 and agreed that inmates could receive legal and religious materials through the United States mail. Plaintiff now claims that the Sheriff's Office breached this agreement by denying his request to use inmate funds to purchase "certain legal and religious materials." (Doc. 3 at p 7-8). Defendants, however, assert that the enforcement of the use of inmates' funds policy does not constitute a breach of contract. The undersigned agrees.

In order to support a breach of contract claim in Ohio, a party must establish four elements: (1) a binding contract or agreement was formed; "[(2)] the nonbreaching party performed its contractual obligations; [(3)] the other party failed to fulfill its contractual obligations without legal excuse; and [(4)] the nonbreaching party suffered damages as a result of the breach." *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 115 Ohio App.3d 137, 144, 684 N.E.2d 1261 (9th Dist.1996), (citing *Garofalo v. Chicago Title Ins. Co.*, 104 Ohio App.3d 95, 108, 661 N.E.2d 218 (8th Dist.1995)). The mere fact that a binding settlement agreement exists is insufficient to warrant a breach of contract award, even when the remedy sought is specific performance. In other words, there must be a breaching act that triggered the filing of a separate breach of contract action even where the contract is a settlement agreement. *See Consolo v. Menter*, 9th Dist. Summit No. 25394, 2011-Ohio-6241.

Here, the agreement provides that Plaintiff be paid $500; the recited consideration for his dismissal of the appeal was the payment of funds and "the allowance by the Sheriff of inmates to have access to personal religious property and to receive legal materials through the inmate mail as long as packages are marked clearly on the outside as to their contents." *Id.* There are no allegations in Plaintiff's

4

complaint that would establish that such obligations have not been met.

The agreement provides only "the allowance by the Sheriff of inmates to have access to personal religious property and to receive legal through the inmate mail as long as packages are marked clearly on the outside as to their contents…" (Doc. 12, Ex. 1). As noted by Defendants, Plaintiff's "agreement" with the Sheriff's Office did not mention and/or allow the use of his commissary or inmate funds for the purchase of legal or religious materials. Thus, the agreement has not been breached. Accordingly, Plaintiff's complaint fails to state a claim for relief for breach of contract and Defendants' Rule 12(b)(6) motion is well-taken in this regard.

### C. Denial of access to courts

Next, Plaintiff contends that the Use of Inmates Funds Policy results in a denial of his access to courts. As noted by Defendants, the United States Supreme Court has defined the fundamental federal constitutional right of access to the courts to require prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing the inmates with adequate law libraries or adequate assistance from persons trained in the law. *Bounds v. Smith*, 430 U.S. 817, 828 (1977).

To establish a claim based on meaningful access to the courts, an inmate must demonstrate "that the alleged shortcomings in a prison's library or legal assistance program hindered the inmate's efforts to pursue a legal claim by showing, for example, that (1) a complaint which the inmate prepared was dismissed for failure to satisfy some technical requirement which the inmate could not have known because of deficiencies in the prison's legal assistance facilities, or (2) the inmate suffered

arguably actionable harm that the inmate wished to bring before the courts, but was so stymied by inadequacies of the law library that the inmate was unable even to file a complaint." *Lewis v. Casey*, 518 U.S. 343, 346 (1996).

Notably, Plaintiff claims he was denied access to the Courts because he agreed to dismiss his appeal based on promise made in the settlement agreement. He now claims he would not have agreed to the settlement if he had realized he could not use his inmate funds to purchase publications through the mail. (Doc. 3 ¶ 29). Plaintiff's assertion, however, fails to allege that the policy in question hindered his efforts to purse his legal claims as outlined in *Lewis*.

**D. Violation of Constitutional Rights**

To establish a claim under § 1983, two elements are required: (1) conduct committed by a person acting under the color of state law that (2) deprives plaintiffs of rights, privileges, or immunities secured by the Constitution or the laws of the United States. *Gomez v. Toledo*, 446 U.S. 635 (1980); *Sargi v. Kent City Board of Educ.*, 70 F.3d 907, 913 (6th Cir.1995).

While a municipality may be held liable under 42 U.S.C. § 1983 for a constitutional violation directly attributable to it, § 1983 does not impose vicarious liability on a municipality for the constitutional torts of its employees. See *Monell v. Department of Soc. Serv. of the City of New York*, 436 U.S. 658, 692 (1978). "[T]o satisfy the *Monell* requirements[,] a plaintiff must identify the policy, connect the policy to the city itself, and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir.1987)).

Therefore, in order to state a claim against a city or county under § 1983, a plaintiff must show that his injury was caused by an unconstitutional "policy" or "custom" of the municipality. See *Pembaur v. City of Cincinnati*, *1300 475 U.S. 469, 480–81 (1986).

Here, Plaintiff contends that the Inmates' Use of Funds Policy, which does not allow inmates to withdraw money from their inmate accounts to buy anything through the mail, violates his rights under the First, Fifth, and Fourteenth Amendments. In making this assertion Plaintiff asserts that the current policy does not "fully accommodate" Plaintiff's rights under the First, Fifth, and Fourteenth Amendments. Plaintiff, however, fails to elaborate on this assertion; and more importantly, fails to allege how he has been injured by this alleged unconstitutional policy. Alleging such an injury is required to withstand a motion to dismiss.

Moreover, even assuming the policy does impinge on his constitutional rights, it is well established that a policy that infringes upon an inmate's constitutional rights is valid if it is "reasonably related to legitimate penological interests." *Turner v. Safley, et al.*, 482 U.S. 78, 87 (1987). When courts review whether a prison policy is related to legitimate penological interests, they consider the factors set forth by the U.S. Supreme Court in *Turner v. Safley*. First, courts must determine whether the regulation is neutral and rationally related to an underlying governmental objective. Second, courts must determine whether the prisoners have alternative means of exercising their rights. Third, courts must determine the impact that an accommodation to the rule would have on the prison. Finally, courts must determine whether there are ready alternatives to the policy. It is important to note that this

7

factor is not a "least restrictive" test—prison officials are not required to consider every possible method of accommodating a prisoner's complaints. *Turner*, 482 U.S. 78, 89-90 (1987).

Having considered the applicable factors, the undersigned finds that the decision to deny Plaintiff's request was so reasonably related. First, there is a logical connection between the disbursement restriction and the jail's legitimate interest in maintaining order and security. Such restrictions provide a means of controlling the use of inmate funds for illegal activities. Next, Plaintiff has not shown that the absence of "purchasing publications" as a permissible use of funds has deprived him of his First Amendment right to receive and read publications generally. Plaintiff has alternative means to receive and read publications. As outlined by Defendants, Plaintiff could have someone outside of the prison send him the religious and legal material after purchasing it for him. He could solicit the publisher for free material. He could petition prison officials for an increase in available publications in the prison's library. In sum, there are numerous alternative channels in which Plaintiff could exercise his rights generally—this is all that is required under Sixth Circuit precedent. *Jones v. Campbell*, 23 Fed.Appx. 458, 462, *quoting Sheets v. Moore*, 97 F.3d 164, 168 (6th Cir. 1996)(citing *Turner v. Safley*, 482 U.S. 78, 89-90 (1987)).

**II.  Conclusion**

In light of the foregoing, the Court **RECOMMENDS** that Defendants Motion to Dismiss (Doc. 12) be **GRANTED** and this matter be **CLOSED.**

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TED MARCUM,                      Civil Action No. 1:15-cv-239

    Plaintiff,                      Barrett, J.
                                               Bowman, M.J

   vs.

SHERIFF RICHARD JONES, *et al.*,

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).