UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ted Marcum,

      Plaintiff,

      Case No.: 1:15-cv-239

v.

      Judge Michael R. Barrett

Sheriff Richard Jones, *et al.*,

      Defendants.

**OPINION & ORDER**

This matter is before the Court on the Magistrate Judge's November 12, 2015 Report and Recommendations ("R&R") that Defendants' Motion to Dismiss be granted. (Doc. 21).

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Plaintiff filed Objections to the R&Rs. (Doc. 25). For the reasons stated below, the Court OVERRULES Plaintiff's Objections, and the Magistrate Judge's R&R is ADOPTED in its entirety.

**I. BACKGROUND**

The factual and procedural history of this case is described in the Magistrate's Report and Recommendation, and the same will not be repeated except to the extent necessary to address Plaintiff's objections.

Plaintiff, an inmate at the Noble Correctional Institution, is proceeding *pro se*. Plaintiff's claims are based in part on a 2006 lawsuit wherein Plaintiff claimed that

officials at the Butler County Jail violated his constitutional rights by having a policy in place which prohibited inmates from receiving publications in the mail. Plaintiff explains that he settled those claims. As part of the settlement, Plaintiff states that he received $500 and the Sheriff's Office agreed that inmates could receive legal and religious materials through the United States mail. The terms of the settlement are set forth in a written settlement agreement ("Release Agreement"). (Doc. 25-1, PAGEID # 278).

In 2015, Plaintiff was again incarcerated at the Butler County Jail and discovered he was unable to use his commissary funds to purchase legal or religious materials pursuant to the Jail's "Use of Inmates' Funds Policy" ("Policy"). Plaintiff explains that the Policy prohibits inmates from withdrawing money from their inmate accounts to buy anything in the mail.

Plaintiff brings the following claims: (1) a claim under 42 U.S.C. § 1983 for violations of his constitutional rights while he was incarcerated at the Butler County Jail; (2) breach of contract based on the Release Agreement; (3) purposeful deception of Plaintiff; and (3) denial of access to the courts.

Defendants have moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim.

In her R&R, the Magistrate Judge recommends that Plaintiff's claim for breach of contract be dismissed because while the Release Agreement provided that inmates would be allowed to have access to personal religious property and receive legal mail, the agreement did not provide that Plaintiff would be allowed to use his commissary or inmate funds for the purchase of legal or religious material.

The Magistrate Judge also recommends dismissing Plaintiff's claim based on a denial of access to courts. The Magistrate Judge explained that Plaintiff has not alleged that the Policy hindered his efforts to pursue his legal claims.

Finally, the Magistrate Judge recommends dismissing Plaintiff's Section 1983 claim because Plaintiff does not explain how he was injured by the Policy. The Magistrate Judge also explains that even if the Policy impinges on Plaintiff's constitutional rights, the Policy is still valid if it is reasonably related to legitimate penological interests. Under the factors set forth in *Turner v. Safley*, 482 U.S. 78 (1987), the Magistrate Judge noted that the Policy is a means of controlling the use of inmate funds for illegal activities. The Magistrate Judge also noted that there are alternatives to the Policy because Plaintiff could have someone outside the prison purchase the materials for him and send them to him.

In his objections, Plaintiff explains that in analyzing his breach of contract claim, the Magistrate Judge failed to consider the "fail safe clause" in the Release Agreement which provides: "All parties agree to cooperated fully and execute any and all supplementary documents and take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of the Release Agreement." Plaintiff maintains that this language implies that inmates will have a right to use their own funds to purchase legal and religious materials. Plaintiff also explains that the Magistrate Judge failed to consider an alleged verbal agreement made by Defendants' former counsel, who assured Plaintiff that all inmates at the Butler County Jail would be allowed to use their inmate funds for purchasing legal and religious materials.

As to his First Amendment claim, Plaintiff objects to the Magistrate Judge's conclusion that the Policy is justified based on penological reasons. Plaintiff objects to the Magistrate Judge's conclusion that there were alternatives to purchasing legal and religious materials, such as using the library at the Jail, gift subscriptions, requests for more materials from the Sheriff or obtaining free materials from publishers. Plaintiff also objects to the Magistrate Judge's finding that Plaintiff has failed to allege an injury caused by the Policy. Plaintiff explains that he expended filing fees and incurred other litigation expenses, and by settling his claims in 2006, he released his claim for $125,000.

Plaintiff also argues the Magistrate Judge impermissibly applied the summary judgment standard instead of the standard for a motion to dismiss. Plaintiff argues further that if the Magistrate Judge found his Complaint lacking, the Magistrate Judge should have ordered him to file an amended complaint.

Finally, Plaintiff objects to the Magistrate Judge's Order striking his "Response" pursuant to Local Rule 7.2(a)(2), which provides for a filing of a motion and memorandum in support, a memorandum in opposition and reply, but that "[n]o additional memoranda beyond those enumerated are permitted except upon leave of court for good cause shown." Plaintiff explains that he did not seek permission to file his Response because of the filing deadline.

II. **ANALYSIS**

A. **Standard of Review**

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate

4

judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

### B. Order striking Plaintiff's Response

After responding to Defendants' Motion to Dismiss, Plaintiff filed a Motion Seeking to File a Supplemental Pleading to Plaintiff's Opposition Memoranda. (Doc. 16). The Magistrate Judge granted the motion by notation order. However, Plaintiff also filed a "Response" to Defendants' Reply (Doc. 17). Defendants moved to strike the "Response" and the Magistrate Judge granted the Motion pursuant to Local Rule 7.2(a)(2). (Doc. 21, PAGEID # 199, n.1). Plaintiff explains that he did not seek leave to file his "Response" because of the filing deadline. However, the Court finds that even if Plaintiff had sought leave to file his "Response," good cause does not exist for filing his "Response," which is a sur-reply. Under the Local Rules for this Court, "good cause exists to permit a party to file a sur-reply to address an issue raised for the first time in a reply brief." *Geiger v. Pfizer, Inc.*, 271 F.R.D. 577, 580 (S.D. Ohio 2010). Plaintiff did not identify any issue raised by Defendants for the first time in their Reply, either in his "Response" or his Objections. Therefore, the Court finds that it was not error for the Magistrate Judge to grant Defendant's Motion to Strike Plaintiff's "Response."

C. **Motion to Dismiss**

In reviewing a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, legal conclusions conveyed as factual allegations do not need to be accepted as true, rather the reviewing court is allowed to draw on its own judicial experience and common sense in determining whether or not the pleader can obtain any relief based on the purported facts. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-950 (2009).

"[T]o survive a motion to dismiss a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement' . . .it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 556).

To the extent that Plaintiff objects on the basis that the Magistrate Judge applied the summary judgment standard instead of the standard for a motion to dismiss,

6

Plaintiff's objection is OVERRULED. In the recitation of facts, the Magistrate Judge cited to the Plaintiff's Complaint. Where it was necessary, the Magistrate Judge viewed Plaintiff's allegations as true and drew all reasonable inferences in favor of Plaintiff. The Court notes that the Magistrate Judge's R&R was not required to accept as true legal conclusions conveyed as factual allegations. *See Iqbal*, 129 S.Ct. at 1949-950.

Plaintiff also argues that if the Magistrate Judge found his Complaint lacking, the Magistrate Judge should have ordered him to file an amended complaint. However, Plaintiff did not file a motion for leave to amend his complaint, and even if such a request were made, Plaintiff is "not entitled to an advisory opinion from the court informing [him] of the deficiencies of the complaint and then an opportunity to cure those deficiencies." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004) (quoting *Begala v. PNC Bank, Ohio, N.A*., 214 F.3d 776, 784 (6th Cir. 2000)); *see also Herzig v. Suntrust Mortgage, Inc*., No. 3:13CV-299-S, 2014 WL 1319468, at *2 (W.D. Ky. Mar. 31, 2014) ("A finding of deficiencies in the Complaint on a motion to dismiss does not establish that 'justice so requires' that the plaintiff be afforded a blanket opportunity to replead the Complaint; or, in the words of the Fourth Circuit, a 'do over.'" *Francis v. Giacomelli*, 588 F.3d 186, 197 (4th Cir. 2009)."). Therefore, Plaintiff's objection regarding the standard of review applied by the Magistrate Judge is OVERRULED.

### D. <u>Breach of contract</u>

Plaintiff argues that the Magistrate Judge should have considered Plaintiff's breach of contract claim in light of the "fail safe clause" which provides: "All parties agree to cooperated fully and execute any and all supplementary documents and take

7

all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of the Release Agreement."

However, the subject of the Release Agreement, in part, was the "*prohibition* of inmates receiving newspapers, tabloids, magazines or publications from any publisher through the United States Mail." (Doc. 25-1, PAGEID #278) (emphasis added). The Release Agreement does not address how, in the absence of the prohibition, inmates would receive the materials, or who would pay for the materials. As the Magistrate Judge explained, the Release Agreement does not require Defendants to allow inmates to purchase these materials using their inmate funds.

Plaintiff also relies on a verbal agreement made by Defendants' former counsel, who assured Plaintiff that all inmates at the Butler County Jail would be allowed to use their inmate funds for purchasing legal and religious materials. However, evidence of this verbal agreement is barred by the parol evidence rule, which provides that "'absent fraud, mistake or other invalidating cause, the parties' final written integration of their agreement may not be varied, contradicted or supplemented by evidence of prior or contemporaneous oral agreements, or prior written agreements.'" *Galmish v. Cicchini*, 90 Ohio St.3d 22, 27, 734 N.E.2d 782, 788 (Ohio 2000) (quoting 11 Williston on Contracts (4th Ed. 1999) 569-570, Section 33:4). Section II.8. of the Release Agreement provides that the Release Agreement is the "entire agreement between the plaintiff and the Sheriff with regard to the matters set forth herein." (Doc. 25-1, PAGEID # 281).

Because Plaintiff has not stated a claim for breach of the Release Agreement, Plaintiff's objections to the R&R dismissing this claim are OVERRULED.

8

### E. First Amendment claim

The crux of Plaintiff's objections regarding his First Amendment claim is that the Policy is not reasonably related to legitimate penological interests.

The Sixth Circuit has recognized:

> The Supreme Court has made it clear that prison inmates retain all first amendment rights not incompatible with their status as prisoners, or with the legitimate penological objectives of the corrections system. The Court has recognized that receiving mail from an outside source, an interest in communication shared by prisoners and their correspondents, is such a first amendment right. This right is subject to restriction in the interests of prison security, but such restrictions must further legitimate penological objectives, in a manner no more restrictive than necessary.

*Brooks v. Seiter*, 779 F.2d 1177, 1180 (6th Cir. 1985) (internal quotation marks and citations omitted). Maintaining security constitutes a legitimate penological interest. *Thornburgh v. Abbott*, 490 U.S. 401, 415, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989).

"[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). In assessing reasonablenss, the court examines: (1) whether there is a valid, rational connection between the regulation and the asserted governmental interest; (2) whether there are alternative means of exercising the right that remain open to prison inmates; (3) what impact, if any, accommodation of the right will have on guards and other inmates and on the allocation of prison resources generally; and (4) whether there are ready alternatives to the regulation. *Id.* at 89-90.

Plaintiff disputes whether there are reasonable alternative means of exercising his First Amendment right under the Policy. However, alternatives need not be ideal, they need only be available. *Overton v. Bazzetta*, 539 U.S. 126, 135, 123 S. Ct. 2162,

2169, 156 L. Ed. 2d 162 (2003). Therefore, Plaintiff's objections to the R&R insofar as it dismisses his First Amendment claim are OVERRULED.

### F. Access to courts claim

Plaintiff argues that if he had known that the Policy would prohibit inmates from using their inmate funds for buying their own legal and religious publications, he would have never withdrawn his appeal and agreed to the Release Agreement.

The right of access to the courts prohibits prison officials from "actively interfering with inmates' attempts to prepare legal documents, or file them." *Lewis v. Casey*, 518 U.S. 343, 350, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). To state a claim of denial of access to the courts, the plaintiff must show an actual injury to a non-frivolous legal proceeding arising from the defendants' alleged conduct. *Id.* Here, the dismissal of Plaintiff's appeal was the result of his decision to settle the claims in his lawsuit, not any active interference on the part of Defendants to restrict his access to the courts. Therefore, Plaintiff's objections to the R&R insofar as it dismisses his access to courts claim are OVERRULED.

### III. CONCLUSION

Based on the foregoing, the Magistrate Judge's November 12, 2015 Report and Recommendations ("R&R") that Defendants' Motion to Dismiss be granted (Doc. 21) is **ADOPTED**. Accordingly, it is hereby **ORDERED** that:

1. Defendants' Motion to Dismiss is GRANTED; and
2. This matter is CLOSED and TERMINATED from the active docket of this Court.

**IT IS SO ORDERED.**

                                        */s/ Michael R. Barrett*
                                        JUDGE MICHAEL R. BARRETT